Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
Aleksey Sirotin, SBN 245081
aleksey@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff,
ANZHELYA MAKARYAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANZHELYA MAKARYAN, an individual, on behalf of herself, as class representative for all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation; AUDI AG, a German entity; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-05086-PA-KS<br><br>Hon. Percy Anderson<br><br>DECLARATION OF HOVANES MARGARIAN IN SUPPORT OF PLAINTIFF ANZHELYA MAKARYAN'S MOTION FOR CLASS CERTIFICATION |

## **DECLARATION OF HOVANES MARGARIAN**

I, Hovanes Margarian, declare as follows:

I am an attorney at law, licensed to practice before all Courts of the State of California and the U.S. District Court of the Central District of California. I am counsel of record for Plaintiff Anzhelya Makaryan, in the above-referenced matter. Unless the context indicates otherwise, I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would testify competently to the following:

**Procedural background:**

1.      Pursuant to L.R. 23-3, unless otherwise ordered by the Court, Makaryan's motion for class certification was due within 90 days from the service of the initial complaint, which is October 12, 2017. On August 17, 2017, the Parties filed a stipulation, requesting the Court to extend Makaryan's time to file a motion for class certification to 180 days *after* the date VWGoA serves its answer to the complaint. [Dkt. No. 16]

2.      In their Stipulation, the Parties stated that they anticipated responses to the complaint that might be in the form of dispositive motions, there might be amendments to the complaint and the parties would be conducting discovery relating to the issue of class certification. The Parties also stressed the importance of filing a motion for class certification when all pleadings had been finalized and certification discovery had been completed. Parties noted that there had been no previous requests by Plaintiff for an extension of time in which to file her motion for class certification. [Dkt. No. 16]

3.      On August 18, 2017, the day following the filing of the Parties' Stipulation, this Court denied the Stipulation, without discussion. [Dkt. No. 17]

4.      On September 28, 2017, Makaryan filed an Ex Parte Application to Extend the Time to File the Motion for Class Certification. The Application argued that the 90-day deadline should be extended based on three main basis: that Plaintiff had not been able to conduct any class discovery necessary for the class certification motion, that the operative complaint was subject to a pending motion to dismiss and its legal sufficiency was not yet established, and that the overall schedule for the case had not yet been

determined by the Court. Therefore, Plaintiff argued that filing of the motion for class certification by the October 12, 2017, deadline was not practicable, under FRCP Rule 23. The Application advised the Court that VWGA did not oppose the application or the extension requested. [Dkt. No. 21] On September 29, 2017, the Court denied the requested relief.

5.    Because of the foregoing, Makaryan was not able to complete any discovery prior to the due date for her motion for class certification.

**All class vehicles have the same warranties:**

6.    Attached as **<u>Exhibit A</u>** to this declaration is the true and correct copy of the webpage https://www.audiusa.com/myaudi/warranty, from the Audi's U.S. website (visited October 5, 2017). The webpage states "New Vehicle Limited Warranty." "Our New Vehicle Limited Warranty is simple — four years or 50,000 miles, whichever occurs first."

**Owner's manuals are not available to prospective buyers/lessees:**

7.    Attached as **<u>Exhibit B</u>** to this declaration is the true and correct copy of the home page of the www.audiusa.com, Audi's U.S. website (visited October 5, 2017). To the best of my knowledge and belief, the website contains no links by following which one can access the Owner's Manuals of any of the Class Vehicles without inputting a valid VIN of an existing Class Vehicle.

8.    Attached as **<u>Exhibit C</u>** to this declaration is the true and correct copy of the webpage of the My Audi portal located at https://www.audiusa.com/myaudi (visited October 5, 2017). The first page of the attached copy contains the Log In fields, which an Audi owner or lessee can access to use the myAudi services, including account management (such as Audi financial payments, add-on plan detail and dealer information); vehicle details (such as videos & guides, service scheduling, warranty information and personalized accessories) and exclusive benefits and content (such as lifestyle articles, luxury partner offers, exclusive events and Audi owner community) as well as manage his or her Audi connect services, including Connect CARE, Connect

PRIME, and Connect PLUS" (See, Terms of Service at https://www.audiusa.com/terms-of-service, attached as **Exhibit D**). The second page of the attached copy contains the tab titled "Owner's resources" under "myVehicle" heading. The "Owner's resources" tab contains a section titled "Owner's manual." The "Owner's manual" section states the following: "Get access to your vehicle's specific owner's manual. You'll need your vehicle's 17-digit VIN (Vehicle Identification Number) to get started." The link leading to the Owner's manuals page is thus located within the myAudi page, under the heading myVehicle, under the tab Owner's resources. The page notes that owners or lessees need their vehicle's 17-digit VIN to get started.

9.      Attached as **Exhibit D** to this declaration is the true and correct copy of the Terms of Service of the webpage (visited October 5, 2017). The myAudi Terms of Service begin on page 2 of the attached document. On page 3 of the attached document, the myAudi Terms of Service include the following: "**The Service is provided to you, the Vehicle owner or lessee ("you" or "your") by Audi of America, Inc. ("AoA", "we" or "us"), an operating division of Volkswagen Group of America, Inc. ("VWoA").**" The myAudi page, which leads to the Owner's manual, is provided to "the Vehicle owner or lessee" and not the prospective customers.

10.      Attached as **Exhibit E** to this declaration is the true and correct copy of the http://ownersmanual.audiusa.com/ webpage (visited October 5, 2017). From www.audiusa.com, the webpage can only be accessed through the myAudi page, by following the tab "Owner's resources" under the heading myVehicle. The webpage states, "**To view your specific vehicle's manuals, please enter a valid 17 digit VIN (Vehicle Identification Number).**" It is impossible to view or access the Owner's manuals of any of the Class Vehicles without inputting the VIN of a Class Vehicle. Even if the *prospective* owners and lessees use the website in violation of its Terms of Service, they would still not be able to access the Owner's manuals of any of the Class Vehicles, because the Owner's manuals webpage requires a VIN of a specific Class Vehicle to display the manuals.

**Numerosity:**

11.     Attached as **Exhibit B** to this declaration is the true and correct copy (excluded is the attached Complaint) of the Notice of Removal filed in the related case involving the same putative classes wherein VWGA stated, "Based on currently available business records, VWGoA estimates that it distributed at least 124,000 such vehicles for sale or lease in the United States." *Armen Buniatyan v. Volkswagen Group of America, Inc.*, 2:16-cv-00336-PA-KS (CACD).

**Qualifications of class counsel:**

12.     I am an attorney duly licensed to practice law in the State of California and am lead counsel and founder of The Margarian Law Firm. I completed my undergraduate degree Cum Laude at the University of Southern California. I completed my Juris Doctor degree at the University of Southern California Gould School of Law. During my nearly eleven (11) years of legal experience I have prosecuted more than twelve hundred (1,200) automobile related consumer protection cases, including several anti-trust and consumer protection class actions.  The bulk of the cases I have litigated included causes of action for breach of implied warranty, violations of California's Song-Beverly Warranty Act, Federal Magnusson-Moss Warranty Act, California Consumer Legal Remedies Act, violations of California Unfair Competition Law, violations of California False Advertising Act, and other consumer protection statutes. For specific examples, I have prosecuted an automobile defect class action against the defendant in this case – VWGA. See, *Asghari v. Volkswagen Group of America, Inc.* (C.D. Cal. 2013) 42 F.Supp.3d 1306. There, after extensive litigation and consolidation with other filings, Plaintiffs and VWGA reached a class settlement. As a result of the settlement, the class members received reimbursement for repairs performed by authorized Audi dealers, free repairs for then-current owners or lessees of settlement class vehicles, and warranty extension for then-current owners or lessees of settlement class vehicles. Further, I was also plaintiffs' co-counsel in a class action against the City of Los Angeles. See, *Lilith Chakhalyan v. City of Los Angeles*, Los Angeles Superior Court, Case No. BC443367. The action

reached a class settlement, where the City of Los Angeles reimbursed the plaintiffs and the class for charges collected for services not rendered in aggregate of approximately eight million dollars ($8,000,000). I am also currently lead and sole counsel in 6 putative class action cases and co-counsel in 3 putative class action cases. My associate attorneys and I have the legal skills and experience to litigate this class action to completion. I am also able and willing to fund this litigation, as well as all the other pending class action litigations handled by my law firm. While we are not the biggest plaintiff's class action firm in the state, we have the ingenuity, experience and resources to litigate such matters with utmost competence. Among the other current cases handled by my firm is a putative automobile related anti-trust and breach of warranty class action where the District Court erroneously applied the wrong legal standard as to the scope of vehicle distributor's duty to disclose under California's Unfair Competition Law. I have since appealed that decision and expect a positive ruling on the appeal which is to be heard in oral arguments in early 2018. As lead counsel for the putative class I find it my duty not only to litigate vigorously but also to appeal any matter requiring it. This is made possible by the fact that my firm is adequately funded and I am determined to litigate every class action to completion.

**Trial plan:**

13.    This trial plan will provide a roadmap for the Court on assessing how a single trial can be conducted against Defendant VWGA in this action on behalf of the putative class in an efficient, manageable, and fair manner. If this matter goes to trial, I believe based on my experience of handling more than one thousand automobile related consumer protection cases and several class actions, including a class action against the defendant VWGA, which reached a class settlement (see, *Asghari, supra*), that Plaintiff can implement a class trial plan that will rely almost exclusively on the documents and testimony that have been and will be provided by VWGA. My experience of handling cases against automobile manufacturers for the same causes of actions demonstrates that such cases unfold based on the documents and the depositions of the defendant

manufacturer's and/or distributor's witnesses. Because vehicle manufacturers and distributors in the United States do not sell vehicles directly to consumers (with the exception of Tesla, Inc.), the representations and omissions made by manufacturers and distributors do not vary on a case-by-case basis. Based on my 10 years of experience in the field, the distributors and manufacturers generally implement nationwide or statewide policies and procedures.

14.     For all of their causes of action Plaintiffs will rely on common proof derived from VWGA's own witnesses and documents, and from Plaintiffs' experts. No individual inquiries into any of the class members' facts will be required. Given all the common issues of fact and common evidence used to prove these issues of fact, the jury would only be required to make decisions that are applicable to the entire class. If the verdict is for Plaintiff, single monetary sum will be entered on behalf of the Class. In case of equitable relief, the court will enter an order of restitution for the benefit of the Class. A post-judgment administrative proceeding will follow, based entirely on the sales records of VWGA and public data. This will be done without requiring any Class Members to submit proofs of claim. The Court will then approve this final allocation of damages or the equitable remedy.  If the verdict is for Defendant, the action will be dismissed with prejudice. I anticipate that the case will be tried by a single jury in a single trial. The trial will take 10 days. The first 5 days will be used by Plaintiffs to present their evidence. The next 4 days will be used by Defendants to present their rebuttal evidence. The last day will be reserved for final arguments.

15.     More specifically, Plaintiffs will use common proof, using solely Defendant's sales records and public data that Plaintiffs and Class Members purchased or leased the Class Vehicles distributed by the Defendant. Plaintiffs will use common proof, using solely Defendant's own documents and witnesses to show that at all relevant times VWGA was in the business of distributing Class Vehicles and other Audi branded vehicles. Plaintiffs will use common proof, using Defendant's own documents and witnesses, and Plaintiffs' experts to show that because of the design defect in Class

DECLARATION OF HOVANES MARGARIAN

Vehicles, the Class Vehicles, by their identical design, are not the same quality as other mass production passenger vehicles generally accepted in trade. With the same logic and procedures, Plaintiffs will use common proof, using Defendants' documents and witnesses, and Plaintiffs' experts to show that the above referenced defect makes the Class Vehicles unsafe. Plaintiffs will prove with common evidence that VWGA had a duty to disclose the rollaway defect. Plaintiffs will prove that VWGA had exclusive knowledge of material facts regarding the design defect in the Start/Stop systems of Class Vehicles which causes the rollaway. Plaintiffs will use the common evidence of VWGA's own witnesses, combined with its own business records and its communications with the German entities Audi AG, and Volkswagen AG. Plaintiffs will also use VWGA's own confidentiality and other agreements, business records, and communications to demonstrate that the data was safeguarded from Plaintiffs and the class members. Given that VWGA is the distributor of Class Vehicles and does not make representations or disclosures to individual Class Members, Plaintiffs anticipate that any defenses that VWGA rises to oppose Plaintiffs' evidence that VWGA had exclusive knowledge of the defect, will also be common to the Plaintiff and the Class Members. Plaintiffs will prove that VWGA actively concealed the Start/Stop defect by using solely VWGA own witnesses and documents. Plaintiffs anticipate that such documents will be in form of written or electronic communications, meeting minutes, and other memoranda showing VWGA's decision to uniformly deny any design defect in Class Vehicles that inherently causes the rollaway. Moreover, the attachments to this Declaration already demonstrate that VWGA actively concealed the Start/Stop defect by intentionally restricting the access to owner's manuals on the www.audiusa.com, Audi's U.S. website. The materiality of undisclosed facts is decided based on a *reasonable person* standard. This question, thus, does not depend on the individualized subjective opinions of Class Members. Given this, this issue is easily resolved on a class-wide basis. I anticipate that the jury will answer the question whether a reasonable person would have considered material the fact that a vehicle has a design defect that inherently causes unintended

-7-

DECLARATION OF HOVANES MARGARIAN

rolling, when purchasing or leasing a vehicle. Since this question is not vehicle specific and all Class Vehicles share the same defect that inherently causes unintended rolling, the jury's verdict will be common to all Class Vehicles. VWGA's failure to disclose is an act attributable to VWGA alone, because VWGA does not communicate with individual prospective customers. VWGA already raised the argument that the disclosure was inside the owner's manuals of class vehicles. Plaintiffs will prove with common evidence that VWGA received benefit from its fraudulent practices violating the UCL. For the purposes of calculating the total amount that needs to be restituted to Plaintiff and the Class, Plaintiff will use VWGA's own documents to identify the total benefit received by VWGA from vehicle sales or distribution. Given contemporary technology, electronic data used nowadays, and my experience, I anticipate that this process will not be burdensome. After the Court decides on the total amount of restitutionary relief based on the total benefit received by VWGA and the specifics of the remedy, a post-judgment administrative procedure will follow to decide the application of the remedy to each Class Member. Plaintiff will once again use VWGA's own records for this purpose. Again, given the advanced level of automation, this will not create any manageability problems.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 12, 2017, in Glendale, California.


_____s/Hovanes Margarian_____
Hovanes Margarian
Counsel for Plaintiff

DECLARATION OF HOVANES MARGARIAN